## ANNA MOLIS v. CITY OF DULUTH.
## ANTON E. HANDRIS AND ANOTHER, RESPONDENTS.[1]

April 9, 1948.

No. 34,597.

*Harry E. Weinberg,* City Attorney, and *Harry T. Lathrop,* Assistant City Attorney, for appellant.

*Holmes, Mayall, Reavill & Neimeyer,* for Anton E. and Helen E. Handris, respondents.

MAGNEY, JUSTICE.

Defendants Anton E. Handris and Helen E. Handris were the owners of property in the city of Duluth. On March 22, 1946, plaintiff was injured when she fell on the sidewalk in front of the Handris property. She brought action against the said property owners and

[1]Reported in 32 N. W. (2d) 147.

the city. The jury exonerated defendants Handris and brought in a verdict against the city. A judgment was entered against the city for the amount of the verdict, together with interest, costs, and disbursements. The judgment stated that the additional defendants waived their right to costs and disbursements, and then set out:

"IT IS FURTHER ADJUDGED AND DECREED That the above entitled action against additional defendants Handris be and the same hereby is dismissed without costs or disbursements."

The city paid the money judgment against it and received and filed a satisfaction of judgment. It appeals from that part of the judgment dismissing the action against defendants Handris without costs or disbursements.

In the fall of 1941, defendants Handris installed under the sidewalk in front of their premises water and gas service pipes. The city took care of the curb service, that is, from the main to the curb. The city has nothing to do with the installation from the curb box to the private property, except to see that the installation is properly made and that the right kind of material is used. A permit was granted for excavating at that point. Ten dollars was deposited to guarantee that the place would be cleaned up and the sidewalk left as it was when the work was begun. Defendants Handris employed a plumbing contractor to do the work, which was completed before November 15, 1941. On May 13, 1942, an inspector of the public works department of the city reported to the office that the sidewalk and ground had been restored to the satisfaction of the public works department, and the $10 deposit was returned. The inspector found that the work had been done properly. The reason for the delay in inspection was to give a period of time within which, if there was going to be any settling by reason of the excavation, it would have occurred. In order to install the service pipes, defendants Handris broke up and removed one block of cement sidewalk. After the pipes had been laid and the trench had been filled, a new sidewalk block was put in. The cement sidewalk blocks tilted because of the settling of the backfilling in the trench, causing the defect responsible for plaintiff's injury in 1946. The

plumbing contractor who did the work testified that the materials used for the backfill were received from the city and recommended by it, and that as the material was dumped into the fill it was watered and tamped. The hole was filled to the top of the cement blocks. After the lapse of two to four weeks' time to allow for settling, a new cement slab was put in. About four inches of fill were dug out to put in the slab. On this evidence the jury found against the city and in favor of the property owners.

In its charge to the jury the court said:

"To recover against the defendants Handris the plaintiff must establish by a fair preponderance of the evidence,

"(1)  That there was a dangerous and unsafe condition in the sidewalk at the place and at the time she fell on March 22, 1946.

"(2)  That this unsafe and dangerous condition of the sidewalk was due to the negligence of the defendants Handris or the contractors who did the work for them in failing to properly and adequately refill the trench before putting in the concrete block.

"(3)  That the acts of these defendants or their contractors in this respect were a direct proximate cause of the accident to plaintiff.

"(4)  That the plaintiff sustained damages as a result thereof, and the amount of the damages."

At the close of the charge the court asked: "Anything further?" There was no response from counsel for the city.

As far as the legal obligations of the defendants Handris are concerned, the charge of the court as above given became the law of the case.

The city assigns as error that the court in instructing the jury stated that it could bring in a verdict in favor of plaintiff and against the city only, thereby allowing the jury, in effect, to find in favor of defendants Handris.

The city admits, as it must, that it could be held negligent in permitting the condition to remain. The duty of repairing and maintaining a sidewalk lies with the city. But it contends that defendants Handris impliedly undertook to maintain the trench in

such a condition as to save the public from danger and the city from liability.

In the city's brief we find the following statement:

"Appellant contends that not only the record itself, but certain immutable physical laws established the fact beyond any reasonable doubt that the defendants Handris, acting by their general contractor and sub-contractor, negligently backfilled the trench and thereby produced the primary cause which created the condition of the walk which the jury found to be dangerously defective."

In other words, the city contends that defendants Handris were negligent as a matter of law in backfilling the trench. In our opinion, that was a question of fact for the jury, which was submitted to the jury under instructions which at the time they were given were apparently satisfactory to the city. In its memorandum the trial court said:

"* * * The jury might well find that they were not negligent in this respect; in fact, a contrary finding might have been difficult to sustain."

On the evidence, the jury could well find that there was no negligence on the part of defendants Handris in the backfilling of the trench before putting in the cement block. Since this was the only item of negligence on the part of defendants Handris which was submitted to the jury and it was so submitted with the acquiescence of the city, we find no reversible error.

Judgment affirmed.